FORM B104 (08/07)                                                                                         2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** |||
|---|---|---|
| **NAME OF DEBTOR** || **BANKRUPTCY CASE NO.** |
| **DISTRICT IN WHICH CASE IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)**<br><br>/s/ Alik Segal |||
| **DATE** || **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number

FOR COURT USE ONLY

*Attorney for Plaintiff*

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA**

In re:

Debtor.

CHAPTER  _____

CASE NUMBER

ADVERSARY NUMBER

Plaintiff(s),

vs.

Defendant(s).

*(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*

**SUMMONS AND NOTICE OF STATUS CONFERENCE**

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint.  You must also send a copy of your written response to the party shown in the upper left-hand corner of this page.  Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

**Hearing Date:**          **Time:**          **Courtroom:**          **Floor:**

❑  **255 East Temple Street, Los Angeles**          ❑  **411 West Fourth Street, Santa Ana**

❑  **21041 Burbank Boulevard, Woodland Hills**     ❑  **1415 State Street, Santa Barbara**

❑  **3420 Twelfth Street, Riverside**

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference.  Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval.  The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**KATHLEEN J. CAMPBELL
Clerk of Court**

By: _____
*Deputy Clerk*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*February 2010* (COA-SA)

**F 7004-1**

Summons and Notice of Status Conference - *Page 2*         F 7004-1

| In re (SHORT TITLE) | CASE NO.: 1:10-bk-19704-KT |
|---|---|
| Gulnara Ismailova and Eddie Bedjan Debtor(s). | 1:10-ap-01411-KT |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
21250 Hawthorne Blvd. Suite 500, Torrance, CA 90503

A true and correct copy of the foregoing document described as Summons and Notice of Status Conference _____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 9/27/10 _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

Elizabeth Rojas, chapter 13 trustee: cacb-ecf-sv@chl3wla.com
U$ Trustee: ustpregionl6.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On 9/27/10 _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Judge Kathleen Thompson, 21041 Burbank Blvd., $uite 305, Woodland Hills, CA 91367
Debtors; Gulnara Ismailova and Eddie Bedjan, 16907 Germain St., Granada Hills, CA 91344
Defendant INB Bank, fsb, 1 South Orange Street, Wlmington, DE 19801  c/o Arkady Kuhlmann, President

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 9/27/10 | Kirk Brennan | /s/ |
|---|---|---|
| Date | Type Name | Signature |

Alik Segal (SBN 175159)
Law Office of Alik Segal
11620 Wilshire Blvd. #900
Los Angeles, CA 90025
Tel. 310-362-6157; Fax. 310-382-2551
Email: alik.segal@gmail.com

Attorney for Debtor, Adversary Complainant
GULNARA ISMAILOVA

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| IN RE:<br><br>GULNARA ISMAILOVA AND EDDIE BEDJAN<br><br>──────────────────────<br><br>GULNARA ISMAILOVA,<br><br>        Plaintiff,<br><br>    vs.<br><br>ING Bank, fsb.<br><br>        Defendant<br>────────────────────── | Case No.: 1:10-bk-19704-KT<br><br>Adv. Case No.:<br><br>Chapter 13<br><br>PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FRAUD; UNFAIR BUSINESS PRACTICES; TILA VIOLATION; RESCISSION; WRONGFUL FORECLOSURE; DECLARATORY RELIEF; QUIET TITLE; VIOLATION OF THE AUTOMATIC STAY |

Debtor and Adversary Complainant, GULNARA ISMAILOVA, hereby alleges as follows:

## JURISDICTION

1.    This adversary proceeding constitutes a core proceeding pursuant to 28 U.S.C. §157.

2.    This court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334.

3.    This is an adversary proceeding pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

4.    This district is the proper venue for this proceeding pursuant to 28 U.S.C. §1409.

5.  This adversary proceeding refers to bankruptcy case *In re Gulnara Ismailova and Eddie Bedjan*, Case number 1:10-bk-19704-KT, a chapter 13 case filed in the Central District of California, San Fernando Valley division.

6.  The transactions and events which are the subject matter of this Complaint all occurred within the City of Los Angeles, State of California.

7.  The subject property, located at 16907 Germain Street, Granada Hills, CA 91344, California is within the City of Los Angeles, State of California.

**PARTIES**

8.  Plaintiff, GULNARA ISMAILOVA, is now, and at all times relevant to this action was, a resident of Granada Hills, City of Los Angeles, State of California. At all times relevant to this action Plaintiff has been and remains primarily a Russian speaker with limited knowledge of the English language. At all times relevant to this action, Plaintiff has owned real property commonly known as 16907 Germain Street, Granada Hills, City of Los Angeles, State of California with a zip code of 91344 (the "subject property"). Further described as Assessor's Parcel Number 2684-019-019.

9.  Plaintiff is informed and believes and upon such information and belief alleges Lending Bee, Inc. ("Lending Bee") was, at all relevant times, a loan brokerage firm, licensed by the State of California. Plaintiff is further informed and believes and upon such information and belief alleges that an individual who introduced himself to Plaintiff as Vladimir was an agent or employee of Lending Bee.

10. Plaintiff is informed and believes and upon such information and belief alleges Defendant ING Bank, fsb ("ING Bank") was, at all relevant times, an FDIC-insured federally chartered savings bank regulated by the Office of Thrift Supervision and headquartered at 1 South Orange Street, Wilmington, DE 19801. *See* http://home.ingdirect.com/privacy/privacy_security.asp.

**FACTUAL ALLEGATIONS**

11. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

12. In August of 2007 Plaintiff decided to refinance her residence which consisted of a single family dwelling. *See* Exhibit 1. At the time, Plaintiff had two loans with Countrywide totalling

COMPLAINT - 2

approximately $780.000. *Id.* Vladimir, an employee of Lending Bee, contacted Plaintiff about refinancing the existing loans secured by the Property into a single loan with a lower payment. *Id.* Over the next several weeks, he asked Plaintiff a number of questions in the process of preparing her loan application documents. *Id.* However, he never provided Plaintiff with any good faith estimate, or other disclosure documents prior to the settlement date. Plaintiff also never signed any documents prior to the settlement date. *Id.* Vladimir promised Plaintiff low payments that would work because she wouldn't live in the house for the rest of her life. *Id.* He assured Plaintiff that she should not worry because "everything will be OK." *Id.*

15. On September 27, 2007, the settlement date, Plaintiff was handed various documents to sign. *See* Exhibit 1. She was not given copies of any of these documents prior to September 27, 2007, and was not explained any of the terms in the documents. *Id.*

16. The documents signed included an "Interest Only Adjustable Rate Note" with ING Bank listed as the Lender. *See* Exhibit 2.

17. She was eventually given copies of a number of disclosure documents at settlement on September 27, 2007, and after settlement. *See* Exhibit 1.

18. Among the closing documents provided to Plaintiff after settlement were a "Borrower's Final Settlement Statement" dated October 10, 2007, which show a "Rebate paid by lender to Broker POC" fee paid to Lending Bee, Inc. of $985. *See* Exhibit 3.

19. Among the closing documents provided to Plaintiff after settlement was a HUD Final Settlement Statement also showing a "Rebate paid by lender to Broker POC $985 to Lending Bee, Inc." *See* Exhibit 4, page 3.

20. Both the Borrower's Final Settlement Statement and the HUD Final Settlement Statement also show a "Broker Processing" fee to Lending Bee of $699 and a "Loan Origination Fee" of $8865 to Lending Bee. *See* Exhibit 3 and 4.

21. Plaintiff did not receive the required "Notice of Right to Cancel" under 12 C.F.R. §226.23(b), or the "Consumer Handbook on Adjustable Rate Mortgages" or equivalent required under 12 C.F.R. §226.19(b). *See* Exhibit 1.

22. Plaintiff attempted to refinance out of the loan in question in 2008, but her loan application was denied. *See* Exhibit 1.

COMPLAINT - 3

23.   Plaintiff was granted an extension of the automatic stay by this court on September 1, 2010 which was retroactively imposed to 05/22/10, the date of filing of debtor's prior chapter 13 case.  See Exhibit 5.

24.   The property was purportedly foreclosed on and purportedly sold by trustee sale to ING Bank on June 24, 2010.  *See* Exhibit 6.

### FIRST CAUSE OF ACTION

### Fraud

### (Against Defendant ING Bank)

25.   Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

26.   Defendant ING Bank through its agent Lending Bee, committed fraud by misrepresenting and/or failing to disclose the material terms of the loan, including term, interest rate, and other provisions, prior to the September 27, 2010 settlement date.  Plaintiff was not provided with any good faith estimate, or other disclosure documents prior to the settlement date.  Plaintiff also never signed any documents prior to the settlement date. *See* Exhibit 1.  Moreover Vladimir's statements to Plaintiff that the refinance would provide her with a low payment that would work because she would not live in the house forever, appear to have been attempts at reassuring her that she could always refinance or sell out of the loan. *See* Exhibit 1.  However, when Plaintiff attempted to refinance the loan again in 2008, her application was denied. *See* Exhibit 1.

27.   Plaintiff reasonably relied on the statements of Vladimir of Lending Bee that she would pay lower monthly payments, and that she would not live in the house forever, implying that she could always sell the house or refinance again. *Id.*  She also relied on his statement that everything would be OK. *Id.*  This reliance was reasonable since she believed that Vladimir and Lending Bee were acting in her best interests.  This belief was reasonable because mortgage loan brokers such as Lending Bee hold a fiduciary duty to clients such as Plaintiff.

28.   Lending Bee, Inc. was acting as an agent of ING Bank, in Lending Bee's dealings with Plaintiff.  This is evidenced by the Yield Spread Premium ("POC") of $985 charged to Plaintiff by ING Bank, for the benefit of Lending Bee. *See* Exhibits 3 and 4.  This fee was in addition to the Broker Processing Fee and Loan Origination Fee charged to the Plaintiff.  Since there was an

COMPLAINT - 4

agency relationship between Lending Bee and ING Bank with regards to the loan in question, ING Bank is also liable for the fraud committed by its agent, Lending Bee.

29.     The loan Plaintiff was provided by ING and Lending Bee was in fact an interest only, adjustable rate loan. *See* Exhibit 2. She sustained damage when her home was foreclosed on due to missed payments on June 24, 2010. See Exhibit 5.

WHEREFORE, Plaintiff prays for relief as set forth below

## SECOND CAUSE OF ACTION

## Unfair Business Practices

## (Against Defendant ING Bank)

30.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

31.     California Business and Professions Code Section 17200 prohibits any unlawful, unfair or fraudulent business act or practice and unfair, untrue or misleading advertising and any act prohibited by Business and Professions Code section 17500, et seq.

32.     California Business and Professions Code section 17500, et seq. prohibits the making of a statement or a publication or declaration concerning any circumstances or matter of fact connected with the proposed performance or disposition of real or personal property, which pronouncement is untrue or misleading, and which if know, or which by the exercise of reasonable care should be know, to be untrue or misleading.

33.     The acts and omissions of the Defendant constitute unfair business practices as defined by California Business and Professions Code section 17200, et seq.  It is unlawful, unfair and fraudulent to not provide a borrower with the disclosure documents required by the Truth in Lending Act (15 U.S.C. §1601, et seq. and Regulation Z, 12 C.F.R. §226, et seq.) prior to the signing of the note.  These documents are intended to be provided to the borrower so that the borrower can make an informed and educated decision as to whether or not to go forward with the signing.  By depriving Plaintiff of the opportunity to review the disclosure documents, Defendant deprived Plaintiff of her right to make an informed and educated decision about going forward with the signing of the loan. This deprivation amounts to an unfair business practice. Moreover by inducing Plaintiff to sign loan documents without the required disclosures

Defendant fraudulently induced the Plaintiff to sign an interest only, adjustable rate loan which was not affordable to Plaintiff, and for which it was foreseeable that Plaintiff would default on.

34.    As a direct and proximate cause of the aforementioned acts and omissions of the Defendant, Plaintiff sustained damages in an amount not yet ascertained, and to be proven at trial, but including wrongful foreclosure of Plaintiff's house, emotional distress, and significant expense and inconvenience, including the filing of bankruptcy.

WHEREFORE, Plaintiff prays for relief as set forth below

## THIRD CAUSE OF ACTION

## Violation of the Truth in Lending Act, 15 U.S.C. §1601, et seq. and Regulation Z, 12 C.F.R. §226, et seq.

## (Against Defendant ING Bank)

35.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

36.    Defendant violated the Truth in Lending Act, 15 U.S.C. §1601, et seq. and Regulation Z, 12 C.F.R. §226, et seq by failing to provide Plaintiff with the required TILA disclosures prior to the signing of the Note.  Plaintiff only received some of the required TILA documents on the day of, and after the signing of the loan. *See* Exhibit 1.  She did not receive any documents, such as a good faith estimate, prior to the signing. *Id.*  More specifically, she was not provided with the required "Notice of Right to Cancel" under 12 C.F.R. §226.23(b), or the "Consumer Handbook on Adjustable Rate Mortgages" (or equivalent) required under 12 C.F.R. §226.19(b). *Id.*  Her communications with Vladimir at Lending Bee were limited to verbal question and answer calls in which Plaintiff provided Vladimir with answers to his questions, and in which Vladimir reassured Plaintiff about her concerns about making the monthly payments. *Id.*

37.    Plaintiff has an extended three year right to cancel under 12 C.F.R. 226.23(3) of TILA based on the failure of Defendant to provide, inter alia, the Consumer Handbook on Adjustable Rate Mortgages within three days of the application (12 C.F.R. §226.19(b)), and the Notice of Right to Cancel (12 C.F.R. §226.23(b)).  Although this three year right to cancel under TILA usually expires upon sale of the property, or upon transfer of the consumer's interest in the

property, in this case Plaintiff alleges that since the purported foreclosure and sale of her property was based on fraud, the purported foreclosure and sale are null and void.

38.     Plaintiff is willing and able to tender. The California Supreme Court has held that the ability to tender exists where the debtor has convertible assets and the mere ability to borrow. *See Backus v. Sessions*, 17 Cal. 2d 380, 389-90 (Cal. 1941).

39.     An actual controversy now exists between Plaintiff and Defendant, where Plaintiff contends she has the right to rescind the loan on the subject property, and that the foreclosure was wrongful.

40.     As a direct and proximate cause of Defendant's violations, Plaintiff was and continues to be, damaged in an amount not yet ascertained, and to be proven at trial, but including wrongful foreclosure of Plaintiff's house, emotional distress, and significant expense and inconvenience, including the filing of bankruptcy.

41.     Defendant was unjustly enriched at the expense of the Plaintiff who is therefore entitled to equitable restitution and disgorgement of profits by Defendant.

42.     Defendant's actions in this matter have been willful, knowing, malicious, fraudulent and oppressive, entitling Plaintiff to punitive damages in an amount appropriate to punish Defendant and to deter others from engaging in the same behavior.

WHEREFORE, Plaintiff prays for relief as set forth below

## FOURTH CAUSE OF ACTION

## Rescission Under Cal. Civ. Code Sections 1691-1693

## (Against Defendant ING Bank)

43.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fuly set forth herein. As provided by law, Plaintiff declares the contract which is the subject of this action, void, voidable, and rescinded pursuant to California Civil Code §1689 (b)(1)(5)(6). Plaintiff's cause of action for rescission is based on California Civil Code § 1691.

44.     The service of this complaint is deemed to put Defendant on Notice of Plaintiff's rescission.

45.     Plaintiff's rescission under California Civil Code §1691 is alternative to, and in addition to, the effected rescission under TILA.

46. Defendant is not prejudiced by Plaintiff's request that the court determine proper tender amount so that Plaintiff may tender.

47. Plaintiff is willing and able to tender upon the judgment of the court, per California Civil Code §1693. *See* Backus v. Sessions, 110 P.2d 51 (Cal. 1941). The California Supreme Court has held that the ability to tender existed where the debtor had convertible assets and the mere ability to borrow. *Id.* at 56.

WHEREFORE, Plaintiff prays for relief as set forth below

## FIFTH CAUSE OF ACTION

### Wrongful Foreclosure- Violation of California Civil Code §§ 2924, et seq.

### (Against Defendant ING Bank)

48. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

49. California Civil Code §§2924 through 2924(k) provide a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust. This comprehensive statutory scheme has three purposes: "(1) to provide the creditor/beneficiary with a quick, inexpensive and efficient remedy against a defaulting debtor/trustor; (2) to protect the debtor/trustor from wrongful loss of the property; and (3) to ensure that a properly conducted sale is final between the parties and conclusive as to a bona fide purchaser." *Melendez v. D & I Investment, Inc.*, 127 Cal. App. 4th 1238, 1249-50 (2005).

50. The foreclosure proceeding failed to satisfy the second and third prongs as it did not protect the debtor/trustor from the wrongful loss of her property due to Defendant's violation of TILA, Plaintiff's subsequent rescission, and the automatic voiding of Defendant's interest in the security interest pursuant to TILA.

WHEREFORE, Plaintiff prays for relief as set forth below

## SIXTH CAUSE OF ACTION

### Declaratory Relief

### (Defendant ING Bank)

51. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

52. An actual controversy has arisen and now exists between Plaintiff and Defendant ING Bank regarding their respective rights and duties concerning the status and validity of the loan and promissory note, deed of trust, and the foreclosure process in that Plaintiff contends that Defendant ING Bank did not have the right to foreclose because Plaintiff has exercised her right to rescission as the result of the loan's procurement through the fraud of ING Bank and ING Bank's violation of TILA.

53. Plaintiff requests that this Court find that the purported power of sale contained in the Deed of Trust is of no force and effect because, inter alia, Defendant's security interest in the subject property has been rendered void as a result of Defendant ING's fraud and TILA violations. Plaintiff further requests that the title to the subject property be reconveyed to Plaintiff.

54. A judicial declaration is necessary and appropriate at this time, and under the circumstances, so that Plaintiff may ascertain her rights and duties.

55. As a result of the actions of Defendant, Plaintiff has suffered damages according to proof and seeks declaratory relief that Defendant's purported foreclosure sale is void and has no force or effect against the subject property.

56. Defendant's actions in this matter have been willful and knowing.

WHEREFORE, Plaintiff prays for relief as set forth below.

## SEVENTH CAUSE OF ACTION

### Quiet Title

### (Against Defendant ING Bank)

57. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

58. Plaintiff seeks to quiet title against the claims of ING Bank, and all persons claiming any legal or equitable right, title, estate, lien, or interest in the subject property.

59. Plaintiff has an ownership interest in the subject property.

60.	Defendant ING Bank, and all persons claiming any legal or equitable right, title, estate, lien, or interest in the subject property have an interest adverse to Plaintiff in the subject property.

61.	Plaintiff desires and is entitled to a judicial declaration quieting title in Plaintiff.

## EIGHTH CAUSE OF ACTION

### Violation of the Automatic Stay

### (Against Defendant ING Bank)

62.	Plaintiff was granted an extension of the automatic stay by this court on September 1, 2010 which was retroactively imposed to 05/22/10, the date of filing of debtor's prior chapter 13 case. *See* Exhibit 6. The purported foreclosure and sale of Plaintiff's property took place after this time, and therefore constituted a violation of the automatic stay.

WHEREFORE, Plaintiff prays for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against the Defendant as follows:

1. For all compensatory damages incurred according to proof;
2. For all consequential damages incurred according to proof ;
3. For all special damages according to proof;
4. For punitive damages sufficient to punish the Defendant and act as a deterrent to others;
5. For rescission of the loan contracts and restitution of all principal and interest as well as any and all costs and fees paid on the loan;
6. For all statutory damages as applicable;
7. For attorney's fees and costs of suit;
8. For a declaration that the foreclosure is wrongful and is void;
9. Quiet title in Fee Simple to Plaintiff Gulnara Ismailova;
10. For a declaration that Plaintiff GULNARA ISMAILOVA is the prevailing party;
11. For an injunction requiring each Defendant who has reported negatively on Plaintiff's credit report to reverse such reporting;
12. That the court issue a permanent injunction restraining Defendant from such unlawful conduct in the course of business as alleged herein;

COMPLAINT - 10

13. For such other relief that the court deems just and proper.

                            Dated this 26th of September, 2010

                                          /s/ Alik Segal

                                          Alik Segal, esq.

VERIFICATION

I, Gulnara Ismailova, hereby declare:

I am the plaintiff in the above action. I have read the above Complaint and know the contents thereof. Based on information and belief, I allege that those matters stated therein are true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 27, 2010 in Granada Hills, California.

_____
Gulnara Ismailova

COMPLAINT - 12